UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DANA RICKETTS** | **CASE NO. 6:25-CV-00484 SEC P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **HOMELAND SECURITY, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

**REPORT AND RECOMMENDATION**

Currently before the court is a petition for writ of habeas corpus filed by pro se petitioner, Dana Ricketts, pursuant to 28 U.S.C. § 2241.  Rec. Doc. 1.  This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).  For the reasons which follow, **IT IS RECOMMENDED** that this habeas corpus action be **DENIED AND DISMISSED**.

**I.     FACTUAL BACKGROUND**

Petitioner, a trans-woman citizen of Jamaica, entered the United States with her sister and mother as a lawful permanent resident in 1990.  *See* Ricketts v. State of Florida, Civil Action No. 9:24-81442 (S.D. Fla.), doc. 1, p. 3, 4.

On October 17, 2023, she pled guilty to one count of Smash and Grab Burglary and one count of Grand Theft over $100,000 (felonies) in Palm Beach County Florida.  *See* id. at doc. 15-1, pp. 2-3.  She was subsequently sentenced to a term of two years imprisonment in the custody of the Florida Department of Corrections.  *Id*. at p. 3.  Upon completion of her state court sentence, Ricketts was taken into ICE custody on or about February 23, 2024, and has been in ICE custody since that date. Doc. 1, p. 4, ¶ 11.

Petitioner filed this petition on April 10, 2025, arguing that her prolonged and continuing civil detention without an individualized bond hearing violates her constitutional rights. Rec. *Id.* at p. 6. Accordingly, she requests that this court grant her habeas corpus relief directing her immediate release.

## II.  LAW AND ANALYSIS

Initially, the undersigned notes that this court has subject matter jurisdiction over petitioner's challenge to the constitutionality of her pre-final removal order detention. *See Demore v. Kim*, 538 U.S. 510, 517-18 (2003) (analyzing challenge to mandatory detention under 8 U.S.C. § 1226(c), mandatory detention provision); *Oyelude v. Chertoff*, 125 Fed. App'x 543, 546 (5th Cir.2005).

Ricketts is removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(i). As such, her detention is mandatory under § 1226(c), which requires the Attorney General to detain aliens who are inadmissible or removable based on having committed certain criminal offenses. See 28 U.S.C. § 1226(c)(1). Section 1226(c) eliminates the availability of release on bond except when necessary to provide protection to a witness. *See* 8 U.S.C. § 1226(c)(2). In *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), the Supreme Court stated that the language of the statute "reinforces the conclusion that aliens detained under its authority are not entitled to be released under any circumstances other than those expressly recognized by the statute." *Id.; Wekesa v. United States Atty.*, 22-10260, 2022 U.S. App. LEXIS 32359, 2022 WL 17175818, at *1 (5th Cir. 2022), *cert. denied*, 143 S.Ct. 2666, 216 L. Ed. 2d 1241 (2023). Ricketts does not allege that she requested a bond hearing or that that she meets the statutory requirements for release.

As of this date, Petitioner has been in pre-removal order detention for roughly fifteen months. The *Jennings* Court rejected an "implicit" six-month limitation on detentions under § 1226(c). *Id.* at 299. This Court, and others, have found longer periods of detention were not unreasonable during removal proceedings. *See Wekesa*, 2022 U.S. App. LEXIS 32359, 2022 WL 17175818, at * 1 (5th Cir. November 22, 2022) (two-and-a-half years); *A.R.L. v. Garland*, 6:23-CV-00852, 2023 U.S. Dist. LEXIS 233416, 2023 WL 9316859, at *5 (W.D. La. 2023), report and recommendation adopted, 2024 U.S. Dist. LEXIS 9398, 2024 WL 203971 (W.D. La. 2024) (21 months); *Asonfac v. Wolf*, 6:20-CV-01218, 2021 U.S. Dist. LEXIS 50690, 2021 WL 1016245, at *2 (W.D. La. Mar. 1, 2021), report and recommendation adopted, 2021 U.S. Dist. LEXIS 49544, 2021 WL 1011077 (15 months); *Garcia v. Lacy*, 2013 U.S. Dist. LEXIS 101110, 2013 WL 3805730, *5 (S.D. Tex. 2013) (27 months).

Although Ricketts has been detained since February 22, 2024, she does not show that her detention is indefinite. According to the automated case information for the Executive Office for Immigration Review[1], she has a hearing scheduled for August 13, 2025. She has not established that her detention, with or without a bond hearing, has become "unreasonable, unjustified, or arbitrary in light of the purpose of section 1226(c)." *See Misquitta v. Warden Pine Prairie ICE Processing Cntr.*, 353 F.Supp.3d 518, 526 (W.D. La. 2018).

Accordingly,

**IT IS RECOMMENDED** that this petition be **DENIED** and **DISMISSED WITHOUT PREJUDICE** to refiling should her detention become unlawful.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and

---

[1] https://acis.eoir.justice.gov/en/caseInformation

recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, June 25, 2025.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**